```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

CHRISTINA SOLTYS and         )
DANUTA PAUCH,                )
                             )
            Plaintiffs,      )
                             )
        v.                   )   Case No.  2:04 cv 448
                             )
YVONNE COSTELLO,             )
                             )
            Defendant        )

## OPINION AND ORDER

This matter is before the court on the Plaintiff's [sic] Motion for New Trial filed by Christina Soltys and Danuta Pauch on June 7, 2006.  For the reasons set forth below, the motion is **DENIED**.

### Background

This case started as a routine traffic accident in the early morning hours of February 27, 2004. The plaintiff, Danuta Pauch, was driving her vehicle, and the plaintiff, Christina Soltys, was a passenger.  The defendant, Yvonne Costello, was proceeding in the opposite direction and drove her vehicle into the path of the plaintiffs' vehicle causing a head-on collision.  Costello later pled guilty to driving under the influence.

The pending motion is the latest in a series of missteps by the plaintiffs' attorney, Benjamin Nwoye.  The original scheduling conference was conducted on February 2, 2005, and deadlines were set for identifying expert witnesses and completing discovery.  This matter also was set for trial on December 12, 2005.

On July 1, 2005, the defendant filed a motion seeking an extension of time to disclose her expert witnesses. This motion was based upon the allegation that the plaintiffs had not complied with their discovery obligations. In the Order dated July 6, 2005, the plaintiffs were ordered to respond to all outstanding written discovery by July 22, 2005.

On October 13, 2005, the defendant filed a motion to dismiss, and on November 4, 2005, the defendant filed a motion for sanctions. Both motions were based upon the plaintiffs' continued failure to respond to outstanding discovery requests. The plaintiffs did not file a response to these motions. In an order dated January 12, 2006, this court declined to dismiss the case but imposed sanctions for the plaintiffs' refusal to respond to the outstanding discovery requests. The plaintiffs were precluded from introducing any medical records which had not been produced during discovery and from calling any expert witnesses. This matter also was set for trial as a primary setting on May 30, 2006.

On April 24, 2006, the defendant filed a motion in limine. In that motion, she admitted liability for the accident and sought to exclude any evidence of her DUI conviction. The motion was based upon the fact that the plaintiffs' complaint only sought compensatory damages and that evidence of her intoxication was irrelevant and prejudicial. Consistent with their prior performance, the plaintiffs did not respond to that motion.

At the final pretrial conference, the parties discussed the pending motion in limine and the consequences of the January 12 Order excluding a significant portion of the plaintiffs' medical evidence. A deadline was set for filing any additional motions in limine and any trial briefs dealing with the issue of medical records.

On May 12, 2006, the plaintiffs filed a motion to amend the complaint to add a claim for punitive damages. Based upon the proposed amended complaint, the plaintiffs opposed the defendant's motion in limine and argued that evidence of her intoxication was relevant to their claim for punitive damages. In an Order dated May 15, 2006, the plaintiffs were denied leave to amend their complaint, and the motion in limine was granted.

Prior to jury selection, the plaintiffs were advised that they could not testify concerning medical expenses excluded by the January 12 Order. This ruling was based upon two factors. First, permitting the plaintiffs to testify concerning their medical expenses would have circumvented the discovery sanction. Second, without an opportunity to examine the medical bills, the defendant was not able to verify the accuracy of the plaintiffs' testimony concerning the medical expenses.

In his opening statement, the defendant's attorney indicated that the jury would not hear "the whole story" at trial. When he indicated that some medical records had been excluded by the court, the plaintiffs' attorney made a timely objection. The

objection was sustained, and the defendant's attorney was admonished that any discovery problems were irrelevant to the trial.

Based upon the evidence introduced at trial, it appeared that both plaintiffs were seriously injured in the accident. Pauch was treated and released at the emergency room. She experienced injuries to her back and legs and testified that she still was seeking medical treatment. Pauch was making approximately $20.00 per hour at the time of the accident and was off work for two weeks. She was permitted to introduce medical bills totaling approximately $1,250.

Soltys was injured more seriously in the accident. In particular, she broke both hands when she braced for the impact and was in casts for three months. Soltys was the primary caregiver for her elderly mother and had a young child at the time of the accident. She was permitted to testify to medical bills totaling approximately $7,000.

In his final argument, the plaintiffs' attorney asked the jury to return a verdict of at least $100,000 for Pauch and at least $300,000 for Soltys. In his final argument, the defendant's attorney commented on the medical bills which had been admitted into evidence and stressed the lack of medical evidence to support the plaintiffs' claims. In closing, he suggested a verdict of $5,000 for Pauch and $10,000 for Soltys. The jury followed that recommendation.

Based upon the medical evidence and the testimony of the plaintiffs, the verdict clearly was inadequate. As previously

4

stated, Soltys had both hands in casts for three months which restricted her ability to care for herself, her young daughter, and her mother.  After subtracting Soltys' medical expenses, the verdict compensated her approximately $1,000 a month for this inconvenience without considering her other injuries.  Although the award made to Pauch was not as unreasonable as Soltys' recovery, it also was unfair.

In the motion for a new trial, the plaintiffs' attorney limited his argument to two issues: the denial of the last minute attempt to amend the complaint and the comments of the defense attorney directed to the lack of medical evidence.  For some inexplicable reason, the plaintiffs' attorney did not request a new trial based upon the amount of the jury verdict.

## Discussion

Under Federal Rule of Civil Procedure 59(e), a motion for a new trial "shall be filed no later than 10 days after entry of the judgment."  Rule 59(e) must be read in conjunction with Federal Rules of Civil Procedure 6(b) and 7(b)(1).  Rule 6(b) prohibits the district court from extending the 10 day deadline for filing a motion for a new trial.  Additionally, Rule 7(b)(1) requires that any motion "state with particularity the grounds therefore, and shall set forth the relief or order sought."  These rules permit the court to consider only the issues raised in the Rule 59(e) motion and preclude a party from amending that motion or attempting to supplement it in a supporting brief. *See generally* **Talano v. Northwestern Medical Faculty Foundation,**

***Inc.***, 273 F.3d 757, 760 (7th Cir. 2001); ***Edward Gray Corporation v. National Union Fire Insurance Company of Pittsburgh***, 94 F.3d 363, 365 (7th Cir. 1996); ***Martinez v. Trainor***, 556 F.2d 818, 820 (7th Cir. 1977).

Because the plaintiffs' attorney has not challenged the amount of the verdict, this court cannot address that issue. Even though the verdicts clearly were unreasonable, only the two issues raised in the motion for a new trial can be considered.

Federal Rule of Civil Procedure 15(a) requires leave of court to file an amended complaint after the defendant has filed an answer, "and leave shall be freely given when justice so requires." Whether justice requires that leave be granted is within the discretion of the district court. ***Brunt v. Service Employees International Union***, 284 F.3d 715, 720 (7th Cir. 2002); ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 392-93 (7th Cir. 2000); ***Sanders v. Venture Stores, Inc.***, 56 F.3d 771, 773 (7th Cir. 1995); ***Thompson v. Boggs***, 33 F.3d 847, 853 (7th Cir. 1994). The decision of a trial court to grant or deny leave to amend a complaint is reviewed for an abuse of discretion. ***Feldman v. American Memorial Life Insurance Company***, 196 F.3d 783, 793 (7th Cir. 1999). Leave to amend will not be granted where "there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. ***Perrian v. O'Grady***, 958 F.2d 192, 194 (7th Cir. 1992)

(*quoting* ***Villa v. City of Chicago***, 924 F.2d 629, 632 (7th Cir. 1991)). *See also* ***Foman v. Davis***, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Morisette v. Peters***, 45 F.3d 1119, 1123 (7th Cir. 1995) (discussing Rule 15(a)).

In general, delay should be coupled with some other factor, such as prejudice to the nonmoving party, in order to justify the court's denial of a motion to amend. *See, e.g.,* ***Dubicz v. Commonwealth Edison Company***, 377 F.3d 787, 792-93 (7th Cir. 2004); ***Park v. City of Chicago***, 297 F.3d 606, 613 (7th Cir. 2002). However, while delay alone is not "a sufficient basis for denying a motion to amend, 'the longer the delay, the greater the presumption against granting leave to amend.'" ***Perrian***, 958 F.2d at 194 (citation omitted)(*quoting* ***Tamari v. Bache & Company (Lebanon) S.A.L.***, 838 F.2d 904, 908 (7th Cir. 1988)). Moreover, the burden on the judicial system caused by inordinate delay can itself "justify a denial of a motion to amend 'even if the amendment would cause no hardship at all to the opposing party.'" ***Perian***, 958 F.2d at 195 (*quoting* ***Tamari***, 838 F.2d at 908).

The original complaint was filed on October 27, 2004 and an amended complaint was filed on January 9, 2006. The plaintiffs' second request to amend the complaint came after the close of discovery, the motion in limine admitting liability, the filing of the final pretrial order, and the final pretrial conference. The proposed amendment also raised the issue of punitive damages for the first time. One trial setting already had been continued because of the dilatory conduct of the plaintiffs' attorney, and

7

it would have been unduly prejudicial to the defendant to permit the amendment two weeks before the scheduled trial. Under all of the circumstances, the plaintiffs were not entitled to amend their complaint on the eve of trial.

The second argument is directed to the defense attorney's comments on the lack of medical evidence. As previously stated, the January 12 Order was mentioned briefly in the opening statement, but a timely objection was sustained. The jury was admonished in both the preliminary and final instructions that the attorneys' comments were not evidence. The jury also was instructed to disregard an issue if an objection was sustained. It is presumed that the jury followed these instructions. *See generally* **Jones v. Lincoln Electric Co.**, 188 F.3d 709, 732 (7th Cir. 1999); **Whiting v. Westray**, 294 F.3d 943, 946 (7th Cir. 2002). The brief comment in the opening statement does not justify a new trial.

In his final argument, the defense attorney commented on both the medical records admitted into evidence and the lack of medical evidence to support the plaintiffs' claimed injuries. Unlike the opening statement, defense counsel did not discuss the reasons for the lack of medical evidence, and the plaintiffs' attorney did not object to these comments. Based upon the relatively small amount of the medical bills admitted into evidence, defense counsel suggested that the jury return a small verdict. The jury followed this recommendation.

The opening statement and the presentation of evidence are more structured than the final argument. In *Jones*, the Court of Appeals stated:

> Closing arguments are the time in the trial process when counsel is given the opportunity to discuss more freely the weaknesses in his opponent's case and to highlight the strength of his own. Indeed, as the district court aptly noted, a significant part of the lawyer's role during closing arguments is to bolster the strength of his case by calling the jury's attention to certain facts or inferences that might otherwise escape the jury's attention. It is perfectly reasonable for defense counsel to discuss the weaknesses of an opponent's case during closing argument so long as counsel's argument is based on evidence admitted at trial.
>
> 188 F.3d at 731

See also *Marshall v. Porter County Plan Commission*, 32 F.3d 1215, 1221-22 (7th Cir. 1994).

In civil cases, "improper comments during closing argument rarely rise to the level of reversible error." *Probus v. K-Mart, Inc.*, 794 F.2d 1207, 1210 (7th Cir. 1886). See also *Jones*, 188 F.3d at 730; *Spicer v. Rossetti*, 150 F.3d 642, 644 (7th Cir. 1998). Even if the comments were improper, and they were not, a new trial would not be required.

Based upon some of the evidence offered and excluded at trial, both plaintiffs had additional evidence concerning their medical treatment. The fact that this evidence was excluded as a discovery sanction did not preclude the defendant from commenting on what evidence was available to the jury during its deliberations. Undoubtedly, highlighting the lack of medical evidence

further weakened the plaintiffs' claims in the eyes of the jury. However, any blame lies with the plaintiffs' attorney, not the defendant's attorney. Nothing in the defendant's final argument was improper.

_____

For the foregoing reasons, the Plaintiff's [sic] Motion for New Trial filed on June 7, 2006 is **DENIED**.

ENTERED this 10th day of July, 2006

                                           s/ ANDREW P. RODOVICH
                                                 United States Magistrate Judge